**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **PATRICIA A. CURTIS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Civil Action No.** |
| v. | ) | **06-40234-FDS** |
| | ) | |
| **GREENPOINT MORTGAGE FUNDING, INC.,** | ) | |
| | ) | |
| Defendant and Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **JAMES MANGOS d/b/a LAW OFFICES of JAMES MANGOS,** | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**MEMORANDUM AND ORDER ON CROSS MOTIONS**
**FOR SUMMARY JUDGMENT**

**SAYLOR, J.**

This is a an action by a mortgage lender against a lawyer arising from his representation of the lender in a residential mortgage refinancing transaction. Third-party plaintiff GreenPoint Mortgage Funding, Inc., has filed suit against attorney James Mangos seeking the costs of defending a suit brought by Patricia Curtis, the borrower in the transaction, for alleged violations of federal and state law.

Curtis filed suit against GreenPoint , alleging violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, and the Massachusetts Consumer Credit Cost Disclosure Act ("MCCCDA"), Mass. Gen. Laws ch. 140D and 209 C.M.R. part 32. GreenPoint then filed a

five-count third-party complaint against Mangos for breach of contract for the provision of legal services (Count 1); breach of contract for implied indemnification (Count 2); common law indemnification (Count 3); contribution (Count 4); and negligence (Count 5).  The original complaint has since been voluntarily dismissed by Curtis, leaving only the third-party action pending before the Court.

For the reasons that follow, the Court declines to exercise supplemental jurisdiction over this matter and the action will therefore be dismissed without prejudice to refiling in state court.

**I.      Background**

In January 2004, GreenPoint Mortgage Funding, Inc., retained James Mangos as counsel to handle a residential mortgage refinancing transaction.  The borrower was Patricia Curtis and the loan involved a property located in Worcester, Massachusetts.  Prior to the closing, GreenPoint provided Mangos with copies of the required loan documents, including copies of the Notice of Right to Cancel mandated by TILA.  GreenPoint also provided Mangos with a copy of its closing instructions.  Mangos conducted the loan closing at his law offices on January 28, 2004.

On October 30, 2006, Curtis filed a complaint alleging that GreenPoint violated TILA and the MCCCDA.  Specifically, Curtis alleged that GreenPoint delivered defective and materially confusing notices of her right to cancel, in that they did not specify the date of the transaction or the date of the expiration of the rescission period.

On November 7, 2006, GreenPoint informed Mangos of the existence of the Curtis lawsuit, and requested that Mangos represent it in the action and indemnify it against any losses.  Mangos did not respond to those requests.  GreenPoint then filed a third-party complaint against

Mangos for breach of contract, indemnification, contribution, and negligence.  The third-party complaint did not expressly state the basis of federal jurisdiction.

On July 25, 2008, Curtis stipulated to the dismissal of her action with prejudice as to both GreenPoint and Mangos.

Mangos has moved for summary judgment under Fed. R. Civ. P. 56(c) on all counts in the third-party complaint.  GreenPoint has cross-moved for partial summary judgment on Counts 2 and 3.  GreenPoint has also opposed Mangos's motion for summary judgment on Counts 1 and 5.[1]

## II. Analysis

The claims in the third-party complaint arise exclusively under state law.  A question thus arises as to whether the Court should exercise its supplemental jurisdiction.  The Court concludes that retaining jurisdiction over the remaining claims would be inappropriate under the circumstances, and will dismiss the third-party complaint without prejudice to its refiling in state court.

### A. Basis of Subject Matter Jurisdiction

As a result of the voluntary dismissal of plaintiff's claim, the basis of the Court's subject matter jurisdiction over the third-party action has become unclear.  Under the Federal Rules of Civil Procedure, a defendant in an action may bring in a third party "who is or may be liable to it for all or part of the claim against it."  Fed. R. Civ. P. 14(a)(1).  But Rule 14 does not confer jurisdiction; there must be an independent basis of subject matter jurisdiction over every *claim* asserted in federal court, including those brought against parties impleaded pursuant to Rule

---

[1] Although the Court makes no finding in this respect, GreenPoint appears to have abandoned its contribution claim.

14(a).  *See generally* 3 *Moore's Federal Practice* § 14.41 (Matthew Bender 3d ed.).  Here, the third-party complaint does not allege the basis of federal jurisdiction.  The Court concludes that it has only supplemental jurisdiction over the third-party action pursuant to 28 U.S.C. § 1367(a).[2]  The question then becomes whether it should exercise that jurisdiction.

### B.  <u>Exercise of Discretion</u>

The supplemental jurisdiction statute permits district courts to "decline to exercise supplemental jurisdiction over a claim under subsection (a) if– (1) the claim raises a novel or complex issue of State law, . . . [or] (3) the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c).  Districts court are afforded broad discretion when making decisions regarding supplemental jurisdiction, and must examine the totality of the circumstances in exercising that discretion.  *Chungchi Che v. MBTA*, 342 F.3d 31, 37 (1st Cir. 2003) (quoting *Vera-Lozano v. Int'l Broad.*, 50 F.3d 67, 70 (1st Cir. 1995)).  Comity with state courts is a "particularly important concern."  *Camelio v. American Fed'n*, 137 F.3d 666, 672 (1st Cir. 1998) (concluding that the court erred in retaining supplemental jurisdiction over the state law claims after it dismissed the federal claims on which jurisdiction was based).  "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."  *Camelio*,

---

[2] There does not appear to be any basis for federal question jurisdiction under 28 U.S.C. § 1331. Furthermore, the third-party complaint does not allege jurisdictional facts sufficient to meet the requirements of diversity jurisdiction under 28 U.S.C. § 1332.  Although the parties appear to be citizens of different states, there is no allegation of any amount in controversy.  Nor is the amount in controversy question straightforward in rescission cases under TILA or, by extension, in actions seeking indemnity for TILA violations.  As the First Circuit has recognized, "the question of how to measure the amount in controversy in an action for rescission is difficult." *Belini v. Wash. Mut. Bank, FA*, 412 F.3d 17, 19 (1st Cir. 2005).  Where the third-party plaintiff has failed to allege the requirements for diversity jurisdiction, the Court will not address the omission *sua sponte*.  *See Maher v. GSI Lumonics, Inc*, 433 F.3d 123, 126 (1st Cir. 2005) ("[Plaintiff's] reliance on sua sponte action by the district court to assert diversity jurisdiction for him is unavailing.  The burden of proving the existence of diversity jurisdiction lies with the pleader.") (internal quotations and original textual alterations omitted).

137 F.3d at 672 (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).

Here, the claims in the third-party complaint all arise under state common law. Particularly with respect to the claims for indemnification, the third-party complaint involves an area of the law that the courts of the Commonwealth have been grappling with for some time. *See, e.g.*, *Fall River Housing Authority v. H. V. Collins Co.*, 414 Mass. 10, 10 (1992) ("Once again we must work our way through the brambles surrounding the right to indemnity at common law."). The legal issues at stake are unsettled, at best.

First, it is unclear whether implied indemnity is available where the aggrieved party has only incurred legal fees successfully defending the original action; Massachusetts authorities seem to point in opposite directions. *Compare Amoco Oil Co. v. Buckley Heating, Inc.*, 22 Mass. App. Ct. 973, 974 (1986) ("[W]hen a right to indemnity is conferred, by written contract *or otherwise*, the indemnitee may recover reasonable legal fees and costs incurred in resisting a claim within the compass of the indemnity. . . .  There is no merit to [the] argument that if the indemnity covers legal expenses, it does so only as a component of damages paid by the party to be indemnified; i.e., if the indemnitee defeats an action and, therefore, is not out of pocket for damages, it cannot recover legal expenses.  [This] position would lead to the aberrant consequence that an indemnitee would be better off supinely surrendering to a claim, than intelligently resisting it.") (emphasis added), *with Oates v. Diamond Shamrock Corp.*, 23 Mass. App. Ct. 446, 448-49 (1987) ("Restitution is the basis for indemnity, i.e., the concept that one party is unjustly enriched at the expense of another when the other discharges liability that should be the first party's responsibility to pay.  Here the manufacturer has not been unjustly enriched at the expense of the retailer because the retailer has not discharged a liability which the

manufacturer had the responsibility to pay.  Where the manufacturer was absolved of liability, it was not unjustly enriched because the retailer bore the costs of its own defense.  The retailer is in a position no different from that of any other successful defendant.") (citations omitted).

Second, the Massachusetts Supreme Judicial Court "recognize[s] an implied right to contractual indemnity only when there are 'special factors' surrounding the contractual relationship which indicate an intention by one party to indemnify another in a particular situation."  *Fall River*, 414 Mass. at 14.  In a case applying Rhode Island law, the First Circuit has observed that the attorney-client relationship "is not the kind of 'generally recognized special relationship' that gives rise to an implied indemnitee-indemnitor relationship."  *Rhode Island Depositors Economic Protection Corp. v. Hayes*, 64 F.3d 22, 26 (1st Cir. 1995) (citing Prosser & Keeton § 51).  The First Circuit was unwilling, however, to "foreclose the possibility that an intent to indemnify could possibly exist in the attorney-client context," *Hayes*, 64 F.3d at 26.

Considerations of comity suggest that, in the absence of any federal claims requiring this Court to reach these issues, it is best left to the courts of the Commonwealth to ascertain the applicable law and to determine how GreenPoint's suit against Mangos fits within that framework.  Those considerations weigh heavily in the balance in favor of dismissal.

Issues of comity are not, of course, the only factor the Court must consider in determining whether to exercise its supplemental jurisdiction; considerations of economy, convenience, and fairness must also be weighed in the balance.  *See Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 257 (1st Cir. 1996).  There is no question that the parties will undergo some additional inconvenience as a result of the declination of federal jurisdiction, in that they will have to litigate their dispute in a new proceeding, with inevitable resulting delays.  That

inconvenience and expense, however, is substantially mitigated by the fact that the parties' efforts to date, including the briefing of issues on summary judgment, should be readily transferable to a new proceeding. Finally, the factor of fairness weighs somewhat in favor of transfer, as the parties will have a full opportunity to address issues of Massachusetts law in the courts of Massachusetts, including advocating for change in the law, if desired.

Accordingly, this matter will be dismissed without prejudice to the third-party plaintiff's ability to re-file the action in state court.[3]

### III. Conclusion

For the foregoing reasons, this action is DISMISSED without prejudice.

**So Ordered.**

                                                   /s/ F. Dennis Saylor  
                                                  F. Dennis Saylor IV  
                                                  United States District Judge

Dated: July 14, 2009

---

[3] The Court cannot simply transfer the case to state court. "[A] case that originates in federal court cannot be 'transferred' to state court." *Maher*, 433 F.3d at 125, 127 (finding that where "the district court 'transferred' the state-law claims only after declining to exercise supplemental jurisdiction, the district judge likely meant for the 'transfer' to operate as a dismissal").